
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NEURALSTEM, INC., a Maryland
corporation,

        Plaintiff - Appellant,

  v.

RENEURON, LTD., a United Kingdom
corporation,

        Defendant - Appellee.

No. 08-56546

D.C. No. 2:08-cv-02168-R-AGR

MEMORANDUM [*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted February 9, 2010 [**]
Pasadena, California

Before: THOMAS and SILVERMAN, Circuit Judges, and FOGEL, [***] District
Judge.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Jeremy D. Fogel, United States District Judge for the
Northern District of California, sitting by designation.

Neuralstem, Inc. appeals the district court's dismissal on forum non conveniens grounds of its claims against ReNeuron, Ltd. We reverse. Because the parties are familiar with the factual and procedural history of this case, it is unnecessary to recount it here

I

The district court properly found that England is an adequate alternative forum. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1178 (9th Cir. 2006) (an alternative forum is generally available where "the defendant is amenable to service of process and the forum provides 'some remedy' for the wrong at issue") (citations omitted). ReNeuron tendered evidence showing that England offers a remedy for each of Neuralstem's claims.

Neuralstem argues that it may seek amendment of its complaint to assert a claim under 35 U.S.C. § 256 for correction of inventorship and that its complaint requests as a remedy for ReNeuron's alleged breach of contract that ReNeuron be compelled to assign any pending patent applications to Neuralstem.

These facts do not give rise to a conclusion that England is an inadequate alternative forum. First, Neuralstem has not shown that it will be unable to file a separate action in United States courts in the event that it wishes to assert a claim under 35 U.S.C. § 256. While the possibility of duplicative action is appropriately

2

factored into the analysis of private and public interest factors governing forum non conveniens dismissals, it does not mandate a finding that a foreign forum is inadequate. Second, while Neuralstem argues that one of its *requested* remedies (assignment of ReNeuron's patent applications) is not available in an English forum, it has not shown that England offers *no* remedy for Neuralstem's claims. In determining whether an adequate alternative forum exists, courts ask only whether *some* remedy exists; whether the remedy afforded is less favorable in the foreign forum is not determinative. *See Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143-44 (9th Cir. 2001). Neuralstem has not submitted any evidence to rebut ReNeuron's evidence that English law offers a remedy for each of Neuralstem's claims, even if not Neuralstem's requested remedy.

## II

Neuralstem argues that the district court failed to accord Neuralstem's choice of forum proper deference. We agree.

ReNeuron relies upon *Gemini Capital Group v. Yap Fishing Co.*, 150 F.3d 1088, 1090-91 (9th Cir. 1998) to contend that Neuralstem's choice of forum was afforded all due deference given the fact that Neuralstem, a Maryland-based corporation, brought suit in California, a forum to which it has little connection. However, we have recently clarified that a United States citizen's decision to bring

suit in a state in which the plaintiff is not a resident is still entitled to deference. *See Boston Telecommunications Group, Inc. v. Wood*, 588 F.3d 1201, 1207 (9th Cir. 2009).

Here, although the district court purported to give Neuralstem's choice of forum "the appropriate regard," and included the residence of the parties in its enumeration of private interest factors, it did not actually weigh Neuralstem's United States residency and choice of forum in its private interest factor analysis, focusing instead on the residency of potential witnesses. This was an abuse of discretion.

**III**

Neuralstem argues that the district court abused its discretion in weighing the public and private interest factors relevant to a forum non conveniens determination. We agree.

In dismissing an action on forum non conveniens grounds, a district court "must examine: (1) whether an adequate alternative forum exists, and (2) whether the balance of private and public interest factors favors dismissal." *Lueck*, 236 F.3d at 1142 (citations omitted).

The district court made several errors in weighing the private interest factors. First, as noted above, it failed to accord adequate deference to

4

Neuralstem's choice of forum. Second, the district court failed to give sufficient weight to the fact that Neuralstem's claims are reliant upon third-party witnesses and documentary evidence located in California and elsewhere in the United States, focusing instead on the evidence and witnesses located in England. However, the district court failed to hold ReNeuron to its burden of proof to provide sufficient information regarding "the materiality and importance" of the anticipated witnesses and documentary evidence in England, and thus had no opportunity to determine their "accessibility and convenience to the forum." *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335-36 (9th Cir. 1984) (citations omitted). In addition, the district court did not consider the fact that most if not all of the documentary evidence located in England is within ReNeuron's control, and thus can be brought to court wherever the forum. *See Lueck*, 236 F.3d at 1146-47 (concluding that the private interest factors weighed in favor of dismissal where all of the documentary evidence and witnesses in the United States were under the control of the parties, but much of the evidence in the alternative foreign forum was not).

The district court also made several errors in weighing the public interest factors. Most notably, the district court improperly discounted the interests of California and the United States in the litigation. While England has stronger ties

5

to the parties' performance of their contractual obligations, California has stronger ties to the issue central to this case – ReNeuron's alleged *breach* of the agreement. The allegedly unlawful conduct constituting a breach of the parties' agreement has occurred almost exclusively in California and elsewhere in the United States. ReNeuron argues that the "locus" of any harm stemming from its conduct occurred in Maryland, not California. But this court "need not hold . . . that California is the principal locus of the case or that California has more of an interest than any other jurisdiction in order to conclude that California has a meaningful interest in this litigation. With this public interest factor, we ask only if there is an identifiable interest in the controversy, not whether another forum also has an interest." *See Boston Telecommunications*, 588 F.3d at 1212. California has an identifiable interest in preventing unlawful conduct from taking place within its borders. *See id*.

**IV**

Because the district court failed to hold ReNeuron to its burden of making a clear showing of facts required to merit the "exceptional tool" of a forum non conveniens dismissal, *see Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000) and improperly balanced the private and public interest factors, it abused its discretion in ruling that England is a more convenient forum in which to pursue

6

this action.  We reverse the order of the district court dismissing this action on the basis of forum non conveniens.  We therefore need not and do not reach any other issue urged by the parties.

**REVERSED AND REMANDED.**